IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS F. SMITH,

        Plaintiff,

v.                                CIVIL ACTION NO. 1:20CV54
                                      (Judge Keeley)

THE CITY OF PENNSBORO,
a West Virginia Municipal
Corporation, and R.T. DAVIS,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S
MOTION TO DISMISS COUNTS I AND II OF SMITH'S
SECOND AMENDED COMPLAINT [DKT. NO. 38]**

On August 28, 2020, the plaintiff, Thomas Smith ("Smith"), filed his second amended complaint asserting three causes of action (Dkt. No. 36). Count I states a § 1983 claim of excessive force against the defendant, R.T. Davis ("Officer Davis"). Count II alleges state law claims of false arrest and false imprisonment against Officer Davis. Count III asserts that, under Monell v. Department of Social Services, 436 U.S. 658 (1978), the defendant, the City of Pennsboro is liable for Officer Davis's conduct.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), on September 8, 2020, Officer Davis moved to dismiss Counts I and II (Dkt. No. 38). At a scheduling conference held on January 7, 2021, the Court **DENIED** Officer Davis's motion to dismiss Count I and **HELD IN ABEYANCE** the motion as to Count II. For the reasons that follow, the Court **DENIES** the motion to dismiss Count II.

SMITH V. PENNSBORO ET AL                                    1:20CV54

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S MOTION TO DISMISS COUNTS I AND II OF SMITH'S SECOND AMENDED COMPLAINT [DKT. NO. 38]

#### I.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint on the ground that it does not "state a claim upon which relief may be granted." When reviewing the sufficiency of a complaint, the district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). To be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

#### II.

Smith has plausibly stated a claim for false arrest and false imprisonment and material questions of fact preclude the Court from determining whether Officer Davis is entitled to qualified immunity at this stage of the litigation.

#### A.

A plaintiff may state a claim for false arrest if an arrest occurs "when no reasonable officer could believe ... that probable cause exists to arrest that person." Hupp v. Cook, 931 F.3d 307,

2

SMITH V. PENNSBORO ET AL                                     1:20CV54

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S
MOTION TO DISMISS COUNTS I AND II OF SMITH'S
SECOND AMENDED COMPLAINT [DKT. NO. 38]**

318 (4th Cir. 2019) (citing Rogers v. Pendleton, 249 F.3d 279, 290 (4th Cir. 2001). Courts review probable cause determinations pursuant to the totality-of-the-circumstances test. Smith v. Munday, 848 F.3d 248, 253 (4th Cir. 2017). The probable cause inquiry turns on the suspect's conduct as known to the officer and the contours of the offense thought to be committed by that conduct. Id. (citing Graham v. Gagnon, 831 F.3d 176, 184 (4th Cir. 2016)). A court should objectively examine the information available to the officer on the scene to determine whether a reasonably prudent officer with that information would have thought that probable cause existed for the arrest. Id.

"An action for false imprisonment may be maintained where the imprisonment is without legal authority." Riffe v. Armstrong, 197 W. Va. 626, 640 (1996). Moreover, "the detention and restraint may be shown to be unlawful . . . even though the detention is carried out under facially valid authority." Id. at 477.

**B.**

Here, Smith has pleaded sufficient facts for the Court to infer that a reasonable officer in Officer Davis's place did not have probable cause to arrest Smith. Iqbal, 556 U.S. at 678. According to Smith, he pulled off to the side of the road after Officer Davis followed him in a police cruiser without justification (Dkt. No. 36 at ¶¶ 6-7, 12-15). After Smith pulled

3

SMITH V. PENNSBORO ET AL                                          1:20CV54

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S
MOTION TO DISMISS COUNTS I AND II OF SMITH'S
SECOND AMENDED COMPLAINT [DKT. NO. 38]**

off, Officer Davis also pulled over and parked behind Smith. Id. at ¶ 16. Smith's inquiry as to why he was being followed apparently angered Officer Davis, who got out of his cruiser and attempted to grab Smith. Id. at ¶¶ 17-24. Then, as Smith was complying with an order to present his driver's license, Officer Davis grabbed his weapon and arrested Smith. Id. at ¶¶ 26-27. Smith was charged with impeding traffic, obstructing an officer, and disorderly conduct. Id. at ¶¶ 36-37.

As pleaded, these facts do not indicate that Smith violated any traffic law or that Officer Davis pulled him over for a driving infraction. Rather, Smith alleges that he voluntarily pulled over to the side of the road and lawfully engaged with Officer Davis. Although Smith initiated a conversation with Officer Davis, there are no facts suggesting he violated any of Officer Davis's orders or was disruptive during this conversation. Taking the facts in the light most favorable to Smith,[1] and after objectively examining the information available to Officer Davis at the time of Smith's arrest, the Court concludes that it is plausible that a reasonable officer in Officer Davis's position would not have had probable cause to arrest Smith.

---

[1] "In considering a motion to dismiss, the court should . . . view the complaint in a light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

SMITH V. PENNSBORO ET AL                                    1:20CV54

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S
MOTION TO DISMISS COUNTS I AND II OF SMITH'S
SECOND AMENDED COMPLAINT [DKT. NO. 38]**

Smith has also sufficiently pleaded his false imprisonment claim. In addition to asserting that he was arrested without probable cause, Smith alleges that Officer Davis handcuffed him, placed him in the back of the police cruiser, and transported him to the Ritchie County Magistrate Court. Id. at ¶¶ 28, 31, 37. It is therefore plausible that Smith was detained without legal authority.

**C.**

At this stage in the litigation, Officer Davis is not entitled to qualified immunity. Under West Virginia law, a public official acting within the scope of his authority may be entitled to qualified immunity from personal liability for official acts. State v. Chase Sec., Inc., 424 S.E.2d 591, 599-600 (W. Va. 1992). An official is not entitled to qualified immunity, however, if his acts are "in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive." W. Va. Bd. Of Educ. v. Marple, 782 S.E.2d 75, 84 (W. Va. 2015); see also Syl. pt. 11, W. Va. Regl Jail & Corr. Fac. Auth. v. A.B., 766 S.E.2d 751 (W. Va. 2014). Where there is no dispute regarding the foundational facts, the ultimate determination as to whether qualified immunity bars a civil action is one of law for the court

SMITH V. PENNSBORO ET AL                              1:20CV54

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S MOTION TO DISMISS COUNTS I AND II OF SMITH'S SECOND AMENDED COMPLAINT [DKT. NO. 38]

to decide. Syl. pt. 1, <u>Hutchison v. City of Huntington</u>, 479 S.E.2d 649, 654 (W. Va. 1996).

Similarly, under federal law, when evaluating whether a complaint survives a motion to dismiss based on a defense of qualified immunity, the Court must decide "(1) whether a constitutional violation occurred and (2) whether the right violated was clearly established." <u>Ray v. Roane</u>, 948 F.3d 222, 226 (4th Cir. 2020) (citing <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009)). Whether a right is clearly established is a question of law for the court to decide; whether a reasonable officer would have known the conduct in question violated that right, however, cannot be decided prior to trial if factual disputes exist. <u>Ray</u>, 948 F.3d at 228-29; <u>see also</u> <u>Hupp</u>, 931 F.3d at 318 ("[A] genuine question of material fact regarding whether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial") (internal quotations omitted).

Here, the parties dispute the critical facts surrounding Smith's arrest. Among others, Officer Davis disagrees with Smith's description of his driving, his characterization of Officer Davis as enraged, and his benign portrayal of his own behavior prior to and during arrest. Officer Davis also contends that Smith's version of events omits important facts. Based on these factual disputes, at this early stage of the litigation the Court cannot determine

**SMITH V. PENNSBORO ET AL**                                    **1:20CV54**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVIS'S
MOTION TO DISMISS COUNTS I AND II OF SMITH'S
SECOND AMENDED COMPLAINT [DKT. NO. 38]**

whether a reasonable officer in Officer Davis's position would have known that the arrest and imprisonment of Smith violated his constitutional rights.

### III.

For the reasons discussed, the Court **DENIES** Officer Davis's motion to dismiss Counts I and II of Smith's Second Amended Complaint (Dkt. No. 38).

It is so **ORDERED.**

The Clerk **SHALL** transmit copies of this Order to counsel of record by electronic means.

DATED: February 9, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE